[ORAL ARGUMENT HAS NOT BEEN SCHEDULED]
No. 25-5091

# In the United States Court of Appeals for the District of Columbia Circuit

NATIONAL TREASURY EMPLOYEES UNION, et al.,
*Plaintiffs-Appellees,*

v.

RUSSEL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, et al.,
*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Columbia
Case No. 25-cv-0381-ABJ (The Hon. Amy Berman Jackson)

## PLAINTIFFS-APPELLEES' MOTION TO STRIKE

JENNIFER D. BENNETT
GUPTA WESSLER LLP
505 Montgomery Street
San Francisco, CA 94111
(415) 573-0336

JULIE WILSON
*General Counsel*
PARAS N. SHAH
*Deputy General Counsel*
ALLISON C. GILES
*Assistant Counsel*
NATIONAL TREASURY EMPLOYEES UNION
800 K Street, NW, Suite 1000
Washington, DC 20001
(202) 572-5500

DEEPAK GUPTA
ROBERT FRIEDMAN
GABRIEL CHESS
GUPTA WESSLER LLP
2001 K Street, NW
Suite 850 North
Washington, DC 20006
(202) 888-1741
deepak@guptawessler.com

WENDY LIU
ADINA H. ROSENBAUM
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

March 31, 2025

*Counsel for Plaintiffs-Appellees*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

## (A) Parties and Amici

National Treasury Employees Union – Plaintiff-Appellee

National Consumer Law Center – Plaintiff-Appellee

National Association for the Advancement of Colored People – Plaintiff-Appellee

Virginia Poverty Law Center – Plaintiff-Appellee

CFPB Employee Association – Plaintiff-Appellee

Ted Steege – Plaintiff-Appellee

Russell Vought, in his official capacity as Acting Director of the Consumer Financial Protection Bureau – Defendant-Appellant

Consumer Financial Protection Bureau – Defendant-Appellant

Tzedek DC – Amicus curiae

State of New York – Amicus curiae

203 Members of Congress – Amicus Curiae

District of Columbia, Arizona, California, Colorado, Connecticut, Delaware, Hawaii, Illinois, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Mexico, North Carolina, Oregon, Rhode Island, Vermont, Washington, Wisconsin– Amici curiae

## (B) Rulings Under Review

03/28/2025 Memorandum Opinion (Judge Amy Berman Jackson) – Dkt. 87.

03/28/2025 Order (Judge Amy Berman Jackson) – Dkt. 88.

**(C) Related Cases**

This case was before the district court as case No. 1:25-cv-00381-ABJ. The government appealed the district court's preliminary injunction order, and that appeal is before this Court as No. 25-5091.

March 31, 2025                    Respectfully submitted,

*/s/ Deepak Gupta*
DEEPAK GUPTA
*Counsel of Record*
GUPTA WESSLER LLP
2001 K Street, NW
Suite 850 North
Washington, DC 20006
(202) 888-1741
*deepak@guptawessler.com*

**PLAINTIFFS-APPELLEES' MOTION TO STRIKE**

This Court should strike the government's motion for an emergency stay pending appeal without prejudice to filing a new motion, should the district court deny a stay. The government's current motion flouts the requirement that a party seeking a stay "must" first file a motion in the district court unless it can show that doing so "would be impracticable." Fed. R. App. Proc. 8(a)(2)(A). "This is the cardinal principle of stay applications." *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002); *see, e.g.*, *Powder River Basin Res. Council v. U.S. Dep't of Interior*, No. 24-5268, 2025 WL 312649, at *1 (D.C. Cir. Jan. 24, 2025); *SEC v. Dunlap*, 253 F.3d 768, 774 (4th Cir. 2001); *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 38 (2d Cir. 1993).

There's good reason for that. Because of its familiarity with the case and the facts, the district court is in the best position to decide in the first instance whether a stay is warranted. That's especially true here where the district court held a two-day evidentiary hearing. And district court decisions on stays are reviewed for abuse of discretion. *See Aberdeen & Rockfish R.R. v. Students Challenging Regul. Agency Proc.*, 409 U.S. 1207, 1218 (1972). That's why Rule 8 requires that parties seeking a stay from the appellate court not only "move first in the district court" but also "state any reasons given by the district court" for denying a stay. Fed. R. App. Proc. 8; *see Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844–45 (D.C. Cir. 1977); *Chevron Corp. v. Donziger*, 37 F. Supp. 3d 650, 651 (S.D.N.Y. 2014).

The government's motion defies this cardinal rule. The "defendants have not filed a motion for a stay pending appeal" in the district court, so "[i]t follows that the Court has not yet granted or denied such a motion." March 31, 2025 Minute Order. Nor has the government claimed—let alone "show[n]"—that it would be "impracticable" to move first in the district court. Rule 8(a)(2)(A)(i). It's hard to imagine how it could possibly do so when it waited days after the district court's ruling to file its motion to stay before this Court. If it had used that time to file a motion to say in the district court, that court could have decided the motion by now.

The government notified the appellees that it was planning to file a motion to stay before this Court shortly before it was filed. In response, the appellees informed the government that doing so would not comply with Rule 8. The government claimed that it did not need to file a motion to stay with the district court because, five weeks ago, it included a sentence that mentioned a stay in its opposition to the preliminary injunction motion, addressing a proposed order that the plaintiffs have long since revised. *See* Dkt. 31 at 40 (one-sentence request for a stay); Dkt. 79 (plaintiffs' operative proposed order at the time of this Court's order). The government asserted that although it had not filed a motion to stay of the preliminary injunction order, it was the defendants' belief that because the district court had neither granted nor denied a stay in the order itself, it had implicitly denied one. That is apparently the basis for its stay request before this Court. Mot. Stay 12 n.1.

Upon hearing that the government was under the impression that the district court had denied a motion it had not made—and before the government filed its motion before this Court—the plaintiffs asked the district court to clarify whether it had ruled on a motion to stay. Dkt. 92. The appellees informed the government that they had done so. The appellees also made clear that they would consent to an administrative stay of any relief that the government had not previously agreed to in this case, pending the district court's ruling—and that they would be willing to consent to tolling the government's compliance-reporting deadline before the district court to give the court a chance to rule on the motion. *See id*.

Nevertheless, the government immediately filed a motion to stay in this Court without waiting for the district court's clarification. Shortly thereafter, the district court filed a minute order, stating: "To the extent clarification is required, as of the time of the docketing of this order, defendants have not filed a motion for a stay pending appeal in this court in accordance with Federal Rule of Appellate Procedure 8(a)(1). It follows that the Court has not yet granted or denied such a motion." March 31, 2025 Minute Order.

Rule 8 thus prohibits the government from filing a motion to stay in this Court. Although the government's motion before this Court is based on the incorrect belief that the district court had denied a stay, it declined to withdraw the motion following the district court's clarification. This Court should therefore strike the motion. If the

government moves the district court for a stay, and the court denies that stay, the government can then file a new motion in this Court that complies with Rule 8, seeking a stay and stating "the reasons given by the district court for its action." But at this time, there can be no stay motion properly before the Court.

## CONCLUSION

This Court should strike the appellants' motion for a stay without prejudice to the government filing a new motion that complies with Rule 8, should the district court deny a stay.

| | |
|---|---|
| March 31, 2025 | Respectfully submitted,<br><br>*/s/ Deepak Gupta*<br>DEEPAK GUPTA<br>ROBERT FRIEDMAN<br>GABRIEL CHESS<br>GUPTA WESSLER LLP<br>2001 K Street, NW<br>Suite 850 North<br>Washington, DC 20006<br>(202) 888-1741<br><br>Jennifer D. Bennett<br>GUPTA WESSLER LLP<br>505 Montgomery Street<br>San Francisco, CA 94111<br>(415) 573-0335<br><br>WENDY LIU<br>ADINA H. ROSENBAUM<br>PUBLIC CITIZEN LITIGATION GROUP<br>1600 20th Street NW<br>Washington, DC 20009<br>(202) 588-1000 |

*Counsel for Plaintiffs-Appellees*

JULIE WILSON
*General Counsel*
PARAS N. SHAH
*Deputy General Counsel*
ALLISON C. GILES
*Assistant Counsel*
NATIONAL TREASURY EMPLOYEES UNION
800 K Street, NW, Suite 1000
Washington, DC 20001
(202) 572-5500

*Counsel for Plaintiff-Appellee*
*National Treasury Employees Union*

# CERTIFICATE OF COMPLIANCE WITH RULE 32(g)(1)

I hereby certify that my word processing program, Microsoft Word, counted 928 words in the foregoing motion, exclusive of the portions excluded by Rule 32(f), and therefore complies with Rule 27(d)(2). The document also complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5), and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(6) because it was prepared in proportionally spaced typeface in 14-point Baskerville font.

*/s/ Deepak Gupta*
Deepak Gupta

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2025, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Deepak Gupta*
Deepak Gupta