**[ORAL ARGUMENT NOT SCHEDULED]**

No. 25-5091

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

NATIONAL TREASURY EMPLOYEES UNION, et al.,

*Plaintiffs-Appellees,*

*v.*

RUSSELL VOUGHT, in his official capacity as Acting Director of the
Consumer Financial Protection Bureau, et al.,

*Defendants-Appellants.*

---

On Appeal from the United States District Court
for the District of Columbia

---

**RESPONSE TO PLAINTIFFS-APPELLEES' MOTION TO STRIKE**

---

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
MELISSA N. PATTERSON
CATHERINE PADHI
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7712*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-5091*

This Court should deny plaintiffs' motion to strike the government's motion for a stay of the district court's preliminary injunction with which the government must certify compliance by this Friday, April 4. The government already clearly sought a seven-day stay of any injunction the district court might enter to permit the government time to seek (and this Court to consider) relief pending appeal. Instead of staying its order for seven days, the district court entered a sweeping injunction requiring *full compliance* within seven days. It is this Court's role—not the district court's—to determine whether an appellant has complied with Federal Rule of Procedure 8 and this Court's Rule 8—and thus whether this Court should issue relief pending appeal. Given the district court's indication that it is willing to consider another request for a stay, the government intends to file a motion seeking one in district court tomorrow. But that reiterated request will not alter either the government's earlier compliance with Rule 8 or the district court's disregard of the government's request for a stay of the injunction to permit time to appeal. Nor does it alter the government's need for an immediate administrative stay to protect it from the imminent effects of the district court's sweeping injunction. This Court should deny plaintiffs' motion and promptly issue an administrative stay.

1. In its response to plaintiffs' request in district court for a preliminary injunction, the government included a section entitled "Any Injunction Should Be Narrowly Tailored and Stayed." Dkt. No. 31, at 39. In that section, the government stated that "to the extent the Court issues injunctive relief, the United States also respectfully requests that such relief be stayed pending the disposition of any appeal that is authorized." *Id.* at 40. As a fallback position, the government requested "at a minimum that such relief be administratively stayed for a period of seven days to allow the United States to seek an emergency, expedited stay from the Court of Appeals if an appeal is authorized." *Id.*

Plaintiffs acknowledged the government's stay request in reply. They stated that they "do not oppose the administrative stay of an injunction requested by the defendants" subject to certain specified conditions. Dkt. No. 40, at 34.

2. In issuing an injunction shortly before the close of business on Friday, March 28, 2025, the district court disregarded both the government's request and the plaintiffs' acknowledgement of it. Instead of affording the government the modest seven-day period it had asked for to evaluate its appellate options—or time adequate to allow this Court to

2

entertain a request for relief pending appeal—the district court issued a sweeping injunction, effective immediately. *See* Dkt. No. 88. That injunction requires CFPB to, among other things, rehire all terminated employees, restart all terminated contracts, and refrain from using ordinary tools of agency administration—all to be *completed* within seven days, by this Friday, April 4, 2025. *See* Dkt. No. 88.

3. Given this timeline and the district court's disregard of the request for even a seven-day stay period—and mindful of the need to afford this Court time to consider a request for relief—the government planned to promptly file a motion for a stay pending appeal by midday today, Monday, March 31, 2025. This morning, consistent with Federal Rule of Appellate Procedure 8(a)(2)(C), the government notified plaintiffs of that intent and sought their position on that request. Plaintiffs indicated that they opposed that motion.

4. Less than two hours later, before the government had filed its motion in this Court, plaintiffs filed a motion in the district court pointing to the government's intent to file in this Court, opining that the government had not complied with Federal Rule of Appellate Procedure

8(a), and requesting that the district court enter a briefing schedule on a stay pending appeal. Notice, Dkt. No. 92 (March 31, 2025).

Minutes later, the government filed its planned motion to stay in this Court. As explained in that motion, the government has already made a stay request consistent with Rule 8(a), and the district court "failed to afford the relief requested." Stay Motion at 12, n.1 (quoting Rule 8(a)(2)(a)(ii)).

Less than an hour after the government's filing, the district court issued a minute order "in response to [92] plaintiffs' filing," stating: "To the extent clarification is required, as of the time of the docketing of this order, defendants have not filed a motion for a stay pending appeal in this court in accordance with Federal Rule of Appellate Procedure 8(a)(1). It follows that the Court has not yet granted or denied such a motion. In the absence of any motion on its docket, the Court sees no reason to establish a briefing schedule or to toll compliance with any aspect of its March 28 Order at this time." Plaintiffs then filed a motion asking this Court to strike the government's stay motion given the district court's minute order opining that it "has not yet granted or denied" a stay. Motion to Strike 3.

5. The government's clear and specific request in district court for, at minimum, a seven-day stay pending appeal of any injunction issued discharged its responsibilities under Federal Rule of Appellate Procedure Rule 8(a). Rule 8(a)(1) does not specify any particular format by which a party seeking a stay pending appeal from the court of appeals "must ordinarily first move" for such relief in the district court. While such a request will often take the form of a separate, stand-alone motion filed after the issuance of an injunction, there is no requirement that it do so. *See* Federal Rule of Appellate Procedure 8(a)(2)(A)(ii) (requiring a movant to "state that, a motion having been made, the district court denied the motion *or failed to afford the relief requested*") (emphasis added). Notably, this Court's own Rule 8 reflects the absence of the separate-motion-requirement upon which plaintiffs insist, requiring only a "request": "A motion for a stay of a judgment or of an order of the district court or any other motion seeking emergency relief must state *whether such relief was previously requested* from the district court and the ruling on *that request*." D.C. Cir. Rule 8(a)(1) (emphases added); *see also Powder River Basin Res. Council v. United States Dep't of Interior*, No. 24-5268, 2025 WL 312649, at *1 (D.C. Cir. Jan. 24, 2025) (per curiam) (denying relief where "Appellants did not first

*seek* from the district court a stay pending appeal") (emphasis added). This Court's views of the government's compliance with Federal Rule of Appellate Procedure 8 and its own Rule 8—not a district court's—controls this Court's issuance of relief pending appeal.

6. Despite the government's previous compliance with Rule 8, the government intends to heed the indication in the district court's minute order that it is willing to entertain another request for a stay pending appeal, provided that request comes in the form of a separate motion requesting a stay pending appeal. Accordingly, the government will file such a separate motion tomorrow, and it will promptly inform this Court if the district court rules on that motion. Giving this Friday's looming deadline, however, and for the reasons set forth in the government's motion for a stay, this Court should enter an administrative stay while consideration of a full stay pending appeal remains under consideration.

## CONCLUSION

For the foregoing reasons, this Court should deny the motion to strike.

Respectfully submitted,

YAAKOV M. ROTH
   *Acting Assistant Attorney General*

ERIC D. MCARTHUR
   *Deputy Assistant Attorney General*

MARK R. FREEMAN
MELISSA N. PATTERSON
*/s/ Catherine Padhi*
CATHERINE PADHI
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7712*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 514-5091*
   *catherine.m.padhi@usdoj.gov*

MARCH 2025

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,233 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Book Antiqua 14-point font, a proportionally spaced typeface.

*/s/ Catherine Padhi*
Catherine Padhi

# CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2025, I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*/s/ Catherine Padhi*
Catherine Padhi