**[ORAL ARGUMENT HAS NOT BEEN SCHEDULED]**
**No. 25-5091**

# In the United States Court of Appeals for the District of Columbia Circuit

NATIONAL TREASURY EMPLOYEES UNION, et al.,
*Plaintiffs-Appellees,*

v.

RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, et al.,
*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Columbia
Case No. 25-cv-0381-ABJ (The Hon. Amy Berman Jackson)

**REPLY IN SUPPORT OF
PLAINTIFFS-APPELLEES' MOTION TO STRIKE**

JENNIFER D. BENNETT
GUPTA WESSLER LLP
505 Montgomery Street
San Francisco, CA 94111
(415) 573-0336

JULIE WILSON
*General Counsel*
PARAS N. SHAH
*Deputy General Counsel*
ALLISON C. GILES
*Assistant Counsel*
NATIONAL TREASURY EMPLOYEES UNION
800 K Street, NW, Suite 1000
Washington, DC 20001
(202) 572-5500

DEEPAK GUPTA
ROBERT FRIEDMAN
GABRIEL CHESS
GUPTA WESSLER LLP
2001 K Street, NW
Suite 850 North
Washington, DC 20006
(202) 888-1741
*deepak@guptawessler.com*

WENDY LIU
ADINA H. ROSENBAUM
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

March 31, 2025                                      *Counsel for Plaintiffs-Appellees*

## REPLY IN SUPPORT OF MOTION TO STRIKE

The government's opposition to the motion to strike further supports the conclusion that its stay motion was improper. And its newfound commitment to file in the district court—which stated in unambiguous terms that it has not yet ruled on any stay—only confirms that this Court should strike the motion. Given this posture, it's difficult to understand the government's request that this Court order an "immediate" stay as anything other than an attempt to ensure that its stay request will be considered without the benefit of any analysis from the court most familiar with the facts and circumstances of this case. But Rule 8 does not permit that, and this Court should not countenance the maneuver.

**1.** The government continues to insist that it complied with Rule 8 by including a single sentence in a brief it filed more than a month ago about a proposed preliminary injunction order that the district court did not enter. That cannot satisfy the text of the requirement to "move first in the district court," let alone its purpose: to ensure that the stay motion is first directed to the court that is in the best position to evaluate it. *See* Mot. Strike 1.

Indeed, the government itself asserts that if the district court had entered a different preliminary injunction order, it might not have sought "emergency relief." Mot. Stay 4. In other words, the government did not—and could not have—requested to stay the order at issue here because it had not been entered yet. Even

1

where a stay applicant *has* moved to stay in the district court, the applicant still violates Rule 8 if the relief requested from the appellate court is different from that requested below. *See Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 930–31 (6th Cir. 2002). Here, the government not only asks this Court to grant relief it has never requested from the district court, *see* Mot. Stay 24–26 (asking for relief that could not have been requested before this order was entered because it is based on the specific provisions the Court ordered); it never even filed a motion to stay the district court's order at all.

**2.** This effort to circumvent the district court is particularly concerning in light of the government's repeated request for an "*immediate* administrative stay." Mot. Stay 4 (emphasis added); Opp'n Mot. Strike 2 (emphasis added). That request can't be driven by a true emergency: The government waited three days to file it. Instead, it appears to be an effort to avoid a considered stay decision rendered by a judge aware of all of the relevant facts and circumstances—and to ensure that this Court rules on a stay without the benefit of such a decision (or even an opposition brief). That's precisely what Rule 8 prohibits.

The district court's knowledge of the facts and procedural history of this case is critical to evaluating the government's stay request. For example, the district court is aware that the defendants voluntarily agreed to the core relief in the preliminary injunction order for over a month to avoid having to litigate on a more expedited

2

basis. Dkt. 19 (agreed-on order prohibiting data deletion and mass personnel terminations); Dkt. 38-16, 69, 71 (agreement to freeze contract terminations). Because it presided over the preliminary injunction motion and evidentiary hearing, the district court also knows that the government's declarant disavowed much of the testimony in his declarations that the government is now relying on in its stay motion. *See, e.g.*, Op. 93 (quoting Mr. Martinez's testimony at the evidentiary hearing that, in fact, he has "no insight" into the "programmatic" parts of the Bureau—and that he "know[s] now" that most of the Bureau's "statutory functions were not up and running" when he submitted a declaration to the contrary); *id.* at 94 (quoting Martinez agreeing that the "plan to terminate the vast majority of employees" has not actually been rescinded). And the district court knows that the defendants have mass termination notices ready to go if the court lifts its order and that the defendants had attempted to finalize the termination of all their contracts before the court ruled on the preliminary injunction, such that no court order would have been able to rescind that termination. *See* Op. 68, 101–02, 104.

In light of these facts, if given the opportunity to rule on the motion for stay in the first instance, the district court might have simply granted or denied it. But it might also have come to a more nuanced conclusion. For example, it might have concluded that administratively staying the prohibition on mass terminations or on contract terminations would cause irreparable harm, but that there are other

3

provisions of its order that—while necessary to prevent irreparable harm through the pendency of this case—may be administratively stayed for a short period of time to allow stay briefing to proceed in an orderly fashion. And this Court, then, would have had the benefit of the district court's reasoning, assuming that a motion to stay before this Court were even still necessary.

That's the whole point of Rule 8. Because the government's motion does not comply with the rule, this Court should strike it. There is no harm to the government from doing so: It can file a new motion, if necessary, following a ruling from the district court.

## CONCLUSION

This Court should strike the appellants' motion for a stay without prejudice to the government filing a new motion that complies with Rule 8, should the district court deny a stay.

March 31, 2025

Respectfully submitted,

*/s/ Deepak Gupta*
DEEPAK GUPTA
ROBERT FRIEDMAN
GABRIEL CHESS
GUPTA WESSLER LLP
2001 K Street, NW
Suite 850 North
Washington, DC 20006
(202) 888-1741

Jennifer D. Bennett
GUPTA WESSLER LLP

4

505 Montgomery Street
San Francisco, CA 94111
(415) 573-0335

WENDY LIU
ADINA H. ROSENBAUM
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
*Counsel for Plaintiffs-Appellees*

JULIE WILSON
*General Counsel*
PARAS N. SHAH
*Deputy General Counsel*
ALLISON C. GILES
*Assistant Counsel*
NATIONAL TREASURY EMPLOYEES UNION
800 K Street, NW, Suite 1000
Washington, DC 20001
(202) 572-5500

*Counsel for Plaintiff-Appellee
National Treasury Employees Union*

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that my word processing program, Microsoft Word, counted 925 words in the foregoing reply, exclusive of the portions excluded by Rule 32(f), and therefore complies with Rule 27(d)(2). The document also complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5), and the type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(6) because it was prepared in proportionally spaced typeface in 14-point Baskerville font.

*/s/ Deepak Gupta*
Deepak Gupta

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2025, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Deepak Gupta*
Deepak Gupta