# Gupta Wessler

*Issues & Appeals*

April 6, 2025

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave NW
Washington, DC 20001

Re:   Response to 28(j) letter in *NTEU v. Vought*, No. 25-5091

Dear Mr. Cislak:

  We write to respond to the defendants' 28(j) letter regarding the district court's stay order. That order only further supports denying a stay pending appeal. As the court explained, the injunction is narrowly tailored to prohibit the specific actions the defendants took to close the agency—while preserving their discretion over "routine workplace management." Stay Order 4. For example, the agency has already prepared reduction-in-force notices to terminate "whole offices, divisions and units." Dkt. 87, at 69. So the court enjoined these indiscriminate mass terminations, but preserved the defendants' ability to "take ordinary employment actions with respect to individual employees." Stay Order 4; *see also id.* (similar balance in permitting the agency to "turn off contracts" but not finalize their termination).

  The defendants cannot show that this careful balancing constitutes an "abus[e] of discretion." *Laker Airways v. Sabena*, 731 F.2d 909, 942 (D.C. Cir. 1984); *see also United States v. Loew's*, 371 U.S. 38, 53 (1962) ("To ensure ... that relief is effectual, otherwise permissible practices connected with the acts found to be illegal must sometimes be enjoined."); *United States v. Daniel Chapter One*, 89 F.Supp.3d 132, 143 (D.D.C. 2015) (collecting cases).

  Indeed, the court repeatedly invited the defendants to explain how an injunction could be narrowed, while still preventing them from continuing to dismantle the agency. And they repeatedly refused. *See, e.g.*, Dkt. 79. That refusal "is relevant ... evidence that there is no narrow[er] relief which can be drafted to protect [this] admittedly legitimate" interest. *Laker*, 731 F.2d at 944. And "[h]aving pursued the advantages of an all-or-nothing strategy" below, the defendants cannot "belatedly" argue on appeal that the court should have entered some unspecified hypothetical narrower order. *Philip Morris v. Harshbarger*, 159 F.3d 670, 679-80 (1st Cir. 1998).[1]

---

[1] The defendants criticize the court's most recent invitation because it comes after they appealed, but a court may modify an injunction even after it has been appealed. Fed. R. Civ. P. 62(d).

Gupta Wessler LLP
2001 K Street, NW, Suite 850 North, Washington, DC 20006
**P** 202 888 1741    **F** 202 888 7792
guptawessler.com

Respectfully submitted,

*/s/ Jennifer D. Bennett*
Jennifer D. Bennett
*Counsel for Plaintiffs-Appellees*