# Gupta / Wessler  *Issues & Appeals*

April 9, 2025

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave NW
Washington, DC 20001

  Re: *NTEU v. Vought*, No. 25-5091

Dear Mr. Cislak:

  We write to provide citations to the record in response to questions posed by the panel during rebuttal.

  **1.** The colloquy with the district court where the defendants argued that the court could not peg a preliminary injunction to the CFPB's statutory obligations is at pages 115-120 of the March 11 transcript, Dkt. 74. *See also* Stay Order 2-3. The court asked: If the "position of the agency" is that "it's going to perform its statutorily required duties, that's who we're measuring employees against, that's what we're measuring the contracts against . . . . If that's true, then what is the problem with memorializing that?" *Id.* at 115. The defendants answered that such an order would be too "ambigu[ous]," "broad," and "vague." *Id.* at 115, 117; *see also id.* at 116-117, 120 (objecting to an injunction that specifies the statutory obligations based on list the plaintiffs provided, but declining to provide any alternative list).

  **2.** In response to this Court's question about continuing its administrative stay, the government argued that the Court should stay the prohibition on RIFs to allow the defendants to implement the February 11th executive order and the February 26th OPM/OMB memorandum. But the record shows that, if the district court had not intervened, the defendants would have implemented the February 11th executive order by eliminating "entire divisions, offices, and units," to be followed shortly thereafter by terminating everyone else, Op. 43-44, 76; Dkt. 66-1, at 9-11; Dkt. 73, at 130-31; Dkt. 74, at 41—a plan the district court found remains "unchanged." Op. 65, 101-02. And both Mr. Martinez and the head of the RIF team testified that the OPM/OMB memorandum had not changed the plan to use RIFs to shut down the agency—just the procedures to carry out those terminations. Dkt. 73, at 232; Dkt. 74, at 63-64; *see also* Dkt. 73, at 154-56. In other words, the actions that the defendants intend to take to effectuate the executive order and memorandum are actions that, at this stage, the defendants have not disputed are unlawful. There is no Article II interest in unlawful action.

Gupta Wessler LLP
2001 K Street, NW, Suite 850 North, Washington, DC 20006
P 202 888 1741 F 202 888 7792
guptawessler.com

Respectfully submitted,

/s/ Jennifer D. Bennett
Jennifer D. Bennett
*Counsel for Plaintiffs-Appellees*