

**U.S. Department of Justice**

Civil Division, Appellate Staff

950 Pennsylvania Ave. NW, Rm. 7712
Washington, DC 20530

_____
Catherine Padhi                                                                                         (202) 514-5091
catherine.m.padhi@usdoj.gov

April 10, 2025

VIA CM/ECF

Clifton Cislak
Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave NW
Washington, DC 20001

Re:   *National Treasury Employees Union v. Vought*, No. 25-5091 (oral argument held April 9, 2025)

Dear Mr. Cislak:

   We write in response to plaintiffs' post-argument letter. First, defendants have not argued that tailored injunctions regarding specific statutory obligations are categorically improper. They have instead contested "general orders compelling compliance with broad statutory mandates." *Norton v. S. Utah Wilderness All.* ("*SUWA*"), 542 U.S. 55, 66 (2004). In district court, plaintiffs proposed such an order: "Defendants shall not impair, suspend, or terminate the Bureau's ability to perform its statutorily-required functions or to comply with its statutory obligations." Dkt. 62, at 2. Moreover, what the district court called plaintiffs' "chart of statutory duties," March 11 Tr. 116:21, included the type of general provisions discussed in *SUWA*. *See, e.g.*, Dkt. 48-5, at 8 (listing CFPB's "Statutory Mandate" to "regulate the offering and provision of consumer financial products or services under the Federal consumer financial laws"). The government opposed plaintiffs' proposed injunction as incompatible with established precedent. *See* March 11 Tr. 121:15-20 (citing *SUWA*). Such

injunctions would require the "supervising court, rather than the agency, to work out compliance with the broad statutory mandate," resulting in "undue judicial interference with [the agency's] lawful discretion." *SUWA*, 542 U.S. at 66-67. For these reasons, the government maintains its opposition to any form of injunction that would leave the agency vulnerable to contempt proceedings and ongoing district court supervision over the exercise of that discretion. *See* Stay Reply 7.

Second, consistent with the OMB-OPM Memorandum, defendants intend to use reductions-in-force to "eliminat[e] … functions that are not statutorily mandated *while driving the highest-quality, most efficient delivery of their statutorily-required functions*." Dkt. 70-2 (emphasis added); *id.* (directing agencies to "ensure that their plans and actions are consistent with [statutory] authority"). Plaintiffs' contrary characterization of government testimony is incomplete. March 11 Tr. 22 (describing instruction to follow the OMB-OPM guidance, including "determin[ing] what the needs were to … get the statutory-required work done"); *id.* Tr. 23 (OMB-OPM process "requires that we look at statutory requirements" as part of any reduction-in-force); March 10 Tr. 62 (explaining "instructions" to "apply" OMB-OPM directives).

        Sincerely,

        */s/ Catherine Padhi*
        Catherine Padhi

cc:    All counsel of record (by CM/ECF)