# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 25-5091**  **September Term, 2024**

1:25-cv-00381-ABJ

Filed On: April 11, 2025

National Treasury Employees Union, et al.,

        Appellees

  v.

Russell T. Vought, in his official capacity as Acting Director of the Consumer Financial Protection Bureau and Consumer Financial Protection Bureau,

        Appellants

    **BEFORE:**    Pillard, Katsas, and Rao, Circuit Judges

## O R D E R

Upon consideration of the emergency motion for a stay pending appeal, the response thereto, and the reply; the emergency motion to strike, the response thereto, and the reply; and in light of the governing legal standard, see Nken v. Holder, 556 U.S. 418 (2009), it is

**ORDERED** that the motion to strike be denied. See Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd., 647 F.2d 200, 201 (D.C. Cir. 1981) (per curiam). It is

**FURTHER ORDERED** that the district court's March 28, 2025 order granting appellees' motion for a preliminary injunction is stayed in part pending appeal.

Provision two (2) is stayed insofar as it requires defendants to reinstate employees whom defendants have determined, after an individualized assessment, to be unnecessary to the performance of defendants' statutory duties.

Provision three (3) is stayed insofar as it prohibits defendants from terminating or issuing a notice of reduction in force to employees whom defendants have determined, after a particularized assessment, to be unnecessary to the performance of defendants' statutory duties.

The court understands provision four (4) to allow work stoppages that

defendants have determined, after a particularized assessment, would not interfere with the performance of defendants' statutory duties. On that understanding, provision four (4) remains in effect.

Provision eight (8) is stayed.

All other provisions of the preliminary injunction remain in full effect pending further order of the court. It is

**FURTHER ORDERED**, on the court's own motion, that this appeal be expedited. The following briefing schedule will apply:

| | |
|---|---:|
| Appellants' Brief | April 25, 2025 |
| Appendix | April 25, 2025 |
| Appellees' Brief | May 9, 2025 |
| Appellants' Reply Brief | May 13, 2025 |

The Clerk is directed to calendar this case for oral argument on May 16, 2025, at 2:00 p.m.

Appellants should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 43-44 (2024); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail

that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

                                           **FOR THE COURT:**
                                           Clifton B. Cislak, Clerk

                  BY:     /s/
                               Lynda M. Flippin
                               Deputy Clerk