

U.S. Department of Justice  
Civil Division, Appellate Staff  
950 Pennsylvania Ave. NW  
Washington, D.C. 20530

Tel: 202-514-5091  
April 21, 2025

VIA CM/ECF  
Clifton Cislak  
Clerk, United States Court of Appeals for the D.C. Circuit  
E. Barrett Prettyman United States Courthouse & William B. Bryant Annex  
333 Constitution Ave., NW  
Washington, DC 20001

    Re:    *NTEU v. Vought*, Nos. 25-5091, 25-5132 (oral argument May 16, 2025)

Dear Mr. Cislak:

    We write to inform the Court of two developments in the district court since the government filed its emergency motion in this Court on Friday night.

    *First*, the district court issued a minute order on Saturday morning setting a deadline of Tuesday (tomorrow) at 12:00 p.m., for defendants to produce "all documents responsive to the plaintiffs' request for production." Those requests, attached hereto, demand all records and communications relating to defendants' determination that the reduction in force would not impede the CFPB's statutory functions. As defendants explained in their emergency motion, there is no basis under this Court's Stay Order to allow plaintiffs or the district court to second-guess defendants' determination that the employees subject to the reduction in force are unnecessary to the performance of defendants' statutory duties—let alone to conduct an inquisition into the basis for that determination. Tomorrow's noon deadline makes it imperative for this Court to act as soon as possible on defendants' pending motion to enforce or clarify.

    *Second*, also on Saturday morning, the district court issued a second minute order purporting to "clarify" that its injunction against the reduction in force was a "non-final, interim order" that "will remain in place for no more than 14 days." This order appears to be a belated effort to shield the court's injunction from appellate review. But that effort is doubly ineffective. Defendants' filing of a

notice of appeal (Doc. 115) divested the district court of jurisdiction to modify its new injunction—including to add a temporal limitation. Regardless, this Court has inherent authority to enforce its own Stay Order (and, at minimum, to clarify its Stay Order) whether or not the district court's new injunction is otherwise appealed or appealable. *See* Defs.' Mot. To Enforce or Clarify at 10 n.1.

      Sincerely,

      /s/ *Catherine Padhi*
      Catherine Padhi

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, *et al.*, *Plaintiffs*, v. RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, *et al.*, *Defendants*. | Case No. 25-cv-0381-ABJ |

**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to the Court's April 18 order, the plaintiffs request that the defendants produce documents in response to the following requests for production. Please produce these documents in PDF format. For purposes of this request, the word "communications" includes but is not limited to memoranda, notes, emails (and their attachments), Teams messages, texts (including on WhatsApp, Signal, or any other messaging platform), recordings, calendar invitations, and Teams call logs.

**ADDITIONAL INSTRUCTIONS AND DEFINITIONS**

1. For any records that no longer exist or cannot be located, please identify the record, state why it no longer exists or cannot be located, and identify each person having knowledge concerning such loss.

2. For any responsive record withheld on any grounds, please state or describe the following: (a) the record's author; (b) the recipient; (c) the name of each person to whom a copy was sent; (d) the date of the document; (e) the substance of the document; and (f) the grounds on which the document is withheld.

1

3. The word "Document" or "Record" shall include, by way of example and not by way of limitation, all of the following: papers, correspondence, memoranda, notes, messages, emails, text messages, instant electronic messages, reports, studies, press releases, audio and video recordings, questionnaires, surveys, charts, calendars, lists, logs, databases, instructions, minutes of meetings, agendas, memorials or notes of oral communications, whether by telephone or face-to-face, contracts, agreements, memoranda of understanding, letters of intent, transcriptions of recordings, or any other tangible thing on which any handwriting, typing, printing, electronic or other form of information is recorded or reproduced, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not. A draft or non-identical copy is a separate Document within the meaning of this term.

## REQUESTS FOR PRODUCTION

1. All records and communications, created on or after April 11, 2025, related to the reduction in force (RIF) for which notices were sent on April 17, 2025. This request is limited to records and communications created, sent, or received by or otherwise in the possession of: Adam Martinez, Russell Vought, Mark Paoletta, Victoria Dorfman, Daniel Shapiro, Gavin Kliger, Liza Strong, Roland Jacob, Nikki DiPalma, Ebenzer Tadeo, Carolina Quintarelli, Jennifer Thompson, or anyone else who participated in planning or executing the RIF.

2. All communications with OPM (or anyone who works for OPM) and records of discussions—such as recordings or notes of meetings—with OPM (or anyone who works there) regarding a reduction in force, created on or after April 11, 2025.

3. All records and communications related to any assessment undertaken to determine which employees were necessary to the performance of the CFPB's statutory functions, including

any documents relied on by agency leadership in making that determination and any communications with managers in advance of the RIF about who was necessary to perform such functions.

4. All records and communications related to any assessment undertaken by agency leadership to determine how the RIF or the planned April 18 shutdown of computer access of those who received RIF notices would impact Consumer Response's ability to fulfill the duties outlined in paragraph 6 of the preliminary injunction or the agency's ability to prevent the impairment or destruction of agency data, as required by paragraph 1 of the preliminary injunction.

5. All records and communications that are referenced in or that support the statements in Mr. Paoletta's April 18, 2025 declaration, including any documents that support the statements that he "consult[ed] with agency operations personnel" to determine who to terminate from the "Consumer Response Education Division," ¶ 8; that he was "informed by agency personnel" that [CFPB Centralized Services] is unnecessary to the agency's functions," ¶ 9; that "Bureau leadership also determined" that supervision employees should be "concentrated" in the Southeastern region," ¶ 12; and that he "consult[ed] with Bureau personnel" to determine that 30 employees are sufficient for the operations division, ¶ 15.

Dated: April 18, 2025

/s/ Deepak Gupta
Deepak Gupta (DC Bar No. 495451)
Robert Friedman (DC Bar No. 1046738)
Gabriel Chess (DC Bar No. 90019245)
Gupta Wessler LLP
2001 K Street, NW
North Tower, Suite 850
Washington, DC 20006
(202) 888-1741

Jennifer D. Bennett (pro hac vice)
Gupta Wessler LLP
505 Montgomery Street
San Francisco, CA 94111
(415) 573-0335

*Counsel for Plaintiffs*

Respectfully submitted,

/s/ Wendy Liu
Wendy Liu (DC Bar No. 1600942)
Adina Rosenbaum (DC Bar No. 490928)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*

Julie Wilson (DC Bar No. 482946)
General Counsel
Paras N. Shah (DC Bar No. 983881)
Deputy General Counsel
Allison C. Giles (DC Bar No. 439705)
Assistant Counsel
National Treasury Employees Union
800 K Street, NW, Suite 1000
Washington, DC 20001
(202) 572-5500

*Counsel for Plaintiff National Treasury Employees Union*