# Gupta / Wessler

*Issues & Appeals*

April 21, 2025

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave NW
Washington, DC 20001

Re: Response to 28(j) letter in *NTEU v. Vought*, No. 25-5091 & 25-5132

Dear Mr. Cislak:

The defendants are essentially asking this Court, by 28(j) letter, to stay the district court's order without briefing and without having even filed a motion to stay. This Court should not grant that extraordinary request.

Just days after this Court issued its stay order—which left intact much of the district court's preliminary injunction—the defendants sent RIF notices to almost 90% of the agency and attempted to put those employees on administrative leave the following day. Faced with evidence strongly suggesting that the defendants had not undertaken *any* "particularized assessment" before doing so, and that effectuating this RIF would also put the agency in violation of the data-deletion and consumer response provisions of the injunction, the district court scheduled a hearing to determine whether the defendants had violated its injunction. And in the interim, it issued a temporary order briefly pausing the RIF and administrative leave to ensure preservation of the status quo—an order to which the defendants did not object.

As we will explain in more detail in our forthcoming opposition, the district court's order was entirely proper. But more to the point, the defendants cannot stay that order via a "motion to enforce"—or, now, a 28(j) letter. If the defendants believe that the district court's order violates this Court's stay ruling, the proper course is to seek a writ of mandamus. Their reliance (at Mot. 10 n.1) on *Yablonski v. United Mine Workers of Am.*, 454 F.2d 1036 (D.C. Cir. 1971), in support of their novel motion to enforce confirms as much: *Yablonski* was a mandamus case. *See id.* at 1038–39. And to warrant the "extraordinary" remedy of mandamus, the defendants bear the burden of showing a "clear and indisputable" right to relief. *Illinois v. Ferriero*, 60 F.4th 704, 714 (D.C. Cir. 2023). And if the defendants want a stay, they must file a motion to stay consistent with Rule 8. The defendants have done neither.

Gupta Wessler LLP
2001 K Street, NW, Suite 850 North, Washington, DC 20006
P 202 888 1741    F 202 888 7792
guptawessler.com

Respectfully submitted,

*/s/ Jennifer D. Bennett*
Jennifer D. Bennett
*Counsel for Plaintiffs-Appellees*