

U.S. Department of Justice  
Civil Division, Appellate Staff  
950 Pennsylvania Ave. NW  
Washington, D.C. 20530

Tel: 202-514-5091  
April 28, 2025

VIA CM/ECF  
Clifton Cislak  
Clerk, United States Court of Appeals for the D.C. Circuit  
E. Barrett Prettyman United States Courthouse & William B. Bryant Annex  
333 Constitution Ave., NW  
Washington, DC 20001

     Re:    *NTEU v. Vought*, Nos. 25-5091, 25-5132 (oral argument May 16, 2025)

Dear Mr. Cislak:

    We write to inform the Court of developments in the district court proceedings in this case. As the government previously observed, the district court had set an evidentiary hearing for Monday, April 28, to inquire into the process and substantive basis behind defendants' determinations about the resources CFPB needs to fulfill its statutory obligations. The district court also authorized discovery into defendants' process in advance of the hearing.

    Yesterday, on the parties' joint motion, Dkt. 132, the district court rescheduled the hearing. It will now "begin at 2:00 p.m. on Tuesday, April 29, and … continue at 10:00 a.m. on Wednesday, April 30." Minute Order (April 27, 2025). The district court further ordered that senior agency officials—Chief Legal Officer Mark Paoletta and Chief Operating Officer Adam Martinez—"must each be present on at least one of those dates." *Id.*

    Late last night, plaintiffs filed a motion to compel production of documents withheld as privileged, Dkt. 134, arguing that the attorney-client privilege, attorney work-product privilege, and deliberative-process privilege had all been waived by virtue of Mr. Paoletta's declaration attesting that he had conducted the requisite "particularized assessment" in accordance with this Court's Stay Order. The district court ordered defendants to respond by 4:00 p.m. today, Minute Order (April 28, 2025), and specifically ordered defendants to explain why the

declaration "did not waive any privileges with respect to those communications" identified in the court's order. *Id.*

These developments underscore the need for this Court to issue relief as soon as practicable to ensure that this Court's Stay Order is respected and senior agency officials are not compelled to testify about privileged matters, raising serious separation of powers concerns, before this Court adjudicates this matter.

Sincerely,

/s/ *Catherine Padhi*
Catherine Padhi