IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, et al.,<br><br>*Plaintiffs-Appellees*,<br><br>v.<br><br>RUSSELL VOUGHT, in his official capacity as Acting Director of the Consumer Financial Protection Bureau, et al.,<br><br>*Defendants-Appellants*. | No. 25-5091 |

**UNOPPOSED MOTION FOR A STAY OF RESPONSE DEADLINE IN LIGHT OF LAPSE OF APPROPRIATIONS**

The government hereby moves for a stay of the deadline to respond to the petition for rehearing en banc in the above-captioned case.

1. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. The same is true for several other Executive agencies. The Department does not know when funding will be restored by Congress.

2. Absent an appropriation, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

3. Undersigned counsel for the Department of Justice therefore requests a stay of the deadline to respond to the petition for rehearing en banc, currently October 21, 2025, until Congress has restored appropriations to the Department.

4. The Government respectfully requests that, when appropriations are restored, that deadline be extended for the number of days commensurate with the duration of the lapse in appropriations, plus an additional 14 days. Thus, for example, if the lapse lasts 14 days, the deadline would be extended by 14 + 14 = 28 days. The Government will need this additional time following the end of the lapse to restart regular government operations and finalize a response for filing.

5. In addition, granting an extension calculated in the manner proposed above will avoid having all filings that would otherwise have been due during the period of a lapse of appropriations from having the same due date following the restoration of appropriations, which would

not be practicable for the Government or the Court. It also preserves the original chronological order of filing in government cases for fairness to all parties.

6. Counsel for appellees has authorized counsel for the Government to state that they do not oppose this motion.

Therefore, although we greatly regret any disruption caused to the Court and the other litigants, the Government hereby moves for a stay of the response deadline in this case, as described above, until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

Respectfully submitted,

ERIC D. McARTHUR
  *Deputy Assistant Attorney General*
MARK R. FREEMAN
*/s/ Melissa N. Patterson*
MELISSA N. PATTERSON
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7259*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-1201*

OCTOBER 2025

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 400 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Book Antiqua 14-point font, a proportionally spaced typeface.

/s/ Melissa N. Patterson
Melissa N. Patterson

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2025, I filed and served the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

*/s/ Melissa N. Patterson*
Melissa N. Patterson
